CASE 18—PETITION ORDINARY—DECEMBER 13.

# Napier vs. Green.

APPEAL FROM HARLAN CIRCUIT COURT.

Although the enlistment as a substitute exonerated the drafted man from liability to serve under the draft, yet the latter had a right to stipulate for faithful service; and as the substitute so stipulated, and deserted after being mustered into the service, he was not entitled to recover an unpaid balance of the amount which was promised him for his becoming a substitute.

LEONARD FARMER,　　　　　　　　　　　For Appellant,

CITED—

1 *Parsons on Contracts*, p. 358.

JOHN DISHMAN,　　　　　　　　　　　For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant sued the appellee in the Harlan quarterly court for one hundred dollars, claimed as an unpaid balance of three hundred dollars, alleged to have been promised for his becoming the substitute of the appellee, who was thereby exonerated as a soldier drafted into the Federal army.

The appellee's answer, admitting the substitution, denied that the contract bound him to pay any part of the consideration if the appellant should desert or fail to serve without an honorable discharge, and charging that the appellant deserted on the night after his enrollment as substitute, and never served a day in the army. The appellee not only resisted any recovery in this action, but pleaded as a counter-claim the amount which had been advanced, and prayed judgment therefor.

Napier vs. Green.

On these grounds, without any response to the counter-claim or extraneous proof of the contract, the quarterly court rendered judgment against the appellee for eighty-four dollars and fifty cents.

On an appeal to the circuit court, that judgment was set aside, and a judgment was rendered against the appellee for one cent and costs, which, by this appeal to this court, the appellant seeks to reverse.

However anomalous or unauthorized the judgment of the circuit court may be, it is not deemed prejudicial to the appellant; for, although his enrollment as substitute exonerated the appellee from liability to serve under the draft, yet, to avoid risk and contingent trouble and possible arrest, the appellee had a right to stipulate for faithful service by his substitute, and, according to the pleadings, he did so stipulate as a condition to the appellant's title to the three hundred dollars. Consequently, the appellant has failed to show in this case that he is entitled to any judgment against the appellee, who, nevertheless, does not appeal.

Wherefore, on this appeal the judgment is affirmed.